IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00717-WDM-MJW

ROGER C. LITZINGER,

Plaintiff,

v.

BERNARD H. GUIOT, M.D.,

Defendant.

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Defendant's Motion to Amend (docket no. 19) is **GRANTED** finding good cause shown. Defendant shall forthwith file his Amended Answer, which shall include the affirmative defense of assumption of the risk.

A party may amend his pleading by leave of court, which "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Amendment is allowed after a deadline set in a scheduling order upon a showing of "good cause" and in the absence of a narrowly-defined set of exceptional circumstances. Pumpco, Inc. v. Schenker International, Inc., 204 F.R.D. 667 (D. Colo. 2001); Arkansas-Platte & Gulf Partnership v. Dow Chem. Co., 886 F. Supp. 762 (D. Colo. 1995).

In this case, Defendant discovered evidence supporting an assumption of the risk defense during the Plaintiff's deposition on March 15, 2006, and shortly thereafter filed the subject motion. Furthermore, under Brown v. Kreuser, 560 P.2d 105 (Colo. App. 1977), and Harris v. The Ark, 810 P.2d 226 (Colo. 1991), assumption of the risk can be asserted by a Defendant in a medical malpractice case in Colorado. In addition, the court notes that the time for discovery has not yet expired, and no trial date has been set. Therefore, there will be no undue prejudice to the plaintiff as a result of this amendment.

Date: April 25, 2006